**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **NOE BAZAN,** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **VS.** | § | |
| | § | Civil Action No. **7:16-cv-152** |
| **STATE FARM LLOYDS,** | § | |
| *Defendants*. | § | |
| | § | |
| | § | |
| | § | |

**EXHIBIT 3**

Page **1** of **1**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **NOE BAZAN,** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. __7:16-cv-152__ |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| *Defendant.* | § | |

**INDEX OF MATTERS BEING FILED
AND LIST OF ALL COUNSEL OF RECORD**

Defendant State Farm Lloyds ("Defendant") submits this *Index of Matters Being Filed and List of All Counsel of Record* pursuant to Local Rule 81 of the United States District Court for the Southern District of Texas. Pursuant to the Local Rule 81, the following items are being filed with the *Notice of Removal* filed by Defendant:

1. *Index of Matters Being Filed and List of All Counsel of Record*;

2. Copies of all pleadings, service of process and answers:

    A. Plaintiff's Original Petition;

    B. Citation;

    C. Defendant's Original Answer to Plaintiff's Original Petition;

    D. State Court Docket Sheet

3. The parties' respective attorneys are as follows:

    A.    ATTORNEYS FOR PLAINTIFFS:

        Joshua P. Davis
        Katherine Ray
        **JOSH DAVIS LAW FIRM**
        1010 Lamar, Ste. 200
        Houston, Texas 77002
        (713) 337-4100 – Phone
        (713) 337-4101 – Fax

    B.    ATTORNEYS FOR DEFENDANT:

        Sofia A. Ramon
        Dan K. Worthington
        Charles W. Downing
        **ATLAS, HALL & RODRIGUEZ, LLP**
        818 Pecan Ave. (Zip: 78501)
        P.O. Box 3725
        McAllen, Texas 78502
        (956) 682-5501 – Phone
        (956) 686-6109 – Fax

Dated:   March 31, 2016.

Electronically Filed
1/29/2016 2:50:51 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

CAUSE NO. **C-0465-16-H**

| | | |
|---|---|---|
| **NOE BAZAN,** | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff. | § | |
| | § | |
| vs. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| | § | |
| Defendant. | § | \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiff, Noe Bazan, files this Original Petition and Request for Disclosure complaining of Defendant, State Farm Lloyds ("State Farm") and in support thereof shows the Court and the jury the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends that discovery be conducted under Discovery Level 3 and requests the Court issue a Scheduling Order.

### PARTIES

2. Plaintiff is an individual residing in Hidalgo County, Texas.

3. Defendant State Farm Lloyds is an insurance company licensed to do business in the state of Texas, and may be served with process by serving its agent for service, Corporation Service Company, 211 E. 7th St., Suite 620, Austin, Texas 78701.

C-0465-16-H

Electronically Filed
1/29/2016 2:50:51 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy because the damages sought by Plaintiff are within the jurisdictional limits of this Court. Plaintiff's damages are less than $75,000.00.

5. The Court has jurisdiction over certain parties because they are companies doing business in Texas and/or individuals who reside in Texas.

6. Venue is proper in this county because the facts giving rise to this litigation occurred in Hidalgo County. The laws of the state of Texas apply to the subject matter of this dispute.

## FACTUAL BACKGROUND

7. Plaintiff has an insurance policy with State Farm that covers his home, policy number 83-BP-U578-6 (the "Policy"). Plaintiff's residence is located at 504 E. Biyaneta Ave., Pharr, TX 78577 (the "Property"). On August 16, 2014, Plaintiff's home was damaged by water. Plaintiff submitted a claim related to this covered loss and Defendant denied the claim.

## CLAIMS

### *Negligent Misrepresentation*

8. Plaintiff sues Defendant for negligent misrepresentations. Defendant, either individually or through its authorized agents, employees or representatives, solicited Plaintiff and made several false representations regarding Defendant's readiness, willingness and ability to fulfill the terms and duties placed on it by terms of Plaintiff's insurance agreement. These representations led Plaintiff to rely upon Defendant and were

2

C-0465-16-H

Electronically Filed
1/29/2016 2:50:51 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

a material basis for his decision to enter into the respective policies. Absent the misrepresentations made by Defendant, or its authorized agents, employees or representatives, Plaintiff would not have entered into the respective policies with Defendant. Defendant either knew, or should have known, that these representations were false and made for the purpose of deceiving Plaintiff so that he would rely on said misrepresentations to Plaintiff's detriment. As such, Defendant's misrepresentations have caused Plaintiff to suffer damages for which he now seeks compensation.

### *Breach of Good Faith and Fair Dealing*

9.  Defendant, as Plaintiff's insurance company, at all times during the claims process owed a duty of good faith and fair dealing. Defendant's acts and omissions violated that duty and Plaintiff was damaged as a result.

### *Breach of Contract*

10. Defendant, through its various contractual relationships with Plaintiff, breached its contract with Plaintiff through its acts and omissions, and has caused damages to Plaintiff that are greater than the jurisdictional limits of this Court.

### *Money Had & Received/Unjust Enrichment*

11. Defendant, by refusing to present Plaintiff with his rightful insurance proceeds stemming from his claims, has caused Plaintiff to suffer an unconscionable loss and Defendant is unjustly enriched as a result.

3

**C-0465-16-H**

Electronically Filed
1/29/2016 2:50:51 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

### *Negligence*

12. At all times Defendant owed the duty of reasonable care to Plaintiff. Defendant, through its acts and omissions, has breached that duty of care and caused damages to Plaintiff that are greater than the minimal jurisdictional limits of this Court.

### *Texas Insurance Code §§ 541.060 and 541.152*

13. Defendant violated numerous provisions of the TEXAS INSURANCE CODE, Article §541.060 that include:

   a. misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

   b. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:

      i. a claim with respect to which the insurer's liability has become reasonably clear; or

      ii. a claim under one portion of a policy with respect to which the insurer's liability has become reasonably clear to influence the claimant to settle another claim under another portion of the coverage unless payment under one portion of the coverage constitutes evidence of liability under another portion;

   c. failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

   d. failing within a reasonable time to:

      i. affirm or deny coverage of a claim to a policyholder; or

      ii. submit a reservation of rights to a policyholder;

4

C-0465-16-H

Electronically Filed
1/29/2016 2:50:51 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

  e. refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy; and,

  f. refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

TEX. INS. CODE ANN. § 541.060 (Vernon).

14. Defendant's violations of this provision caused damages to Plaintiff that are greater than the minimal jurisdictional limits of this Court. Plaintiff is entitled to relief in accordance with Article §541.152(a) of the TEXAS INSURANCE CODE.

15. Plaintiff is also entitled to additional damages pursuant to Article §541.152(b) because Defendant violated that statute knowingly.

## DAMAGES

16. As a direct and proximate result of the acts, omissions, breaches and violations more fully described above, Plaintiff has been damaged by Defendant's acts and/or omissions and those damages are within the jurisdictional limits of this Court.

17. Ultimately, Plaintiff will ask a jury of his peers to assess a fair and reasonable amount of money damages as compensation for his economic and non-economic injuries, as well as punishment for Defendant's actions. These damages will include statutory penalty interest and consequential damages. Additionally, Plaintiff seeks pre- and post-judgment interest, costs of court, and reasonable and necessary attorney's fees.

5

C-0465-16-H

Electronically Filed
1/29/2016 2:50:51 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

### EXEMPLARY DAMAGES

18.  Defendant's actions as described above were intentional and made with knowing disregard for Plaintiff's rights and/or with malice towards Plaintiff. Plaintiff prays for punitive damages in addition to compensatory damages.

### ATTORNEYS' FEES

19.  Plaintiff has been required to obtain legal counsel as a result of Defendant's intentional acts and omissions. As a result, Plaintiff has and will incur attorney's fees and expenses prosecuting his claims. Plaintiff is therefore entitled to recover his reasonable and necessary attorney's fees under both the TEXAS INSURANCE CODE and TEX. CIV. PRAC. & REM. CODE. ANN. § 38.001 *et seq.*

### CONDITIONS PRECEDENT

20.  All necessary conditions precedent to the filing of this suit have been, or will be, met as required by law.

### JURY DEMAND

21.  Plaintiff demands a trial by jury, and includes the appropriate fee herein.

### REQUEST FOR DISCLOSURE

22.  Plaintiff requests that Defendant disclose within 50 days of the receipt of this suit the information listed in TEXAS RULE OF CIVIL PROCEDURE 194.2 (a) – (l).

### CONCLUSION

Plaintiff Noe Bazan requests that Defendant, State Farm Lloyds, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant for the following:

6

C-0465-16-H

Electronically Filed
1/29/2016 2:50:51 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

a. Actual and consequential damages;

b. Punitive and additional damages;

c. Statutory interest of 18%;

d. Attorney's fees and expenses;

e. Pre- and post-judgment interest at the maximum legal rate;

f. Costs of suit; and,

g. All other and further relief, at law or in equity, to which Plaintiff may show himself justly entitled.

        Respectfully submitted,

        **JOSH DAVIS LAW FIRM**

By: /s/ *Joshua P. Davis*
     Joshua P. Davis
     State Bar No. 24055379
     Katherine Ray
     State Bar No. 24091634
1010 Lamar, Suite 200
Houston, Texas 77002
(713) 337-4100/Phone
(713) 337-4101/Fax
*josh@thejdfirm.com*
*katie@thejdfirm.com*

***Attorneys for Plaintiff***

7

Delivered 3-2-16 b/a
Via Certified Mail
#70006276000256577303

## C-0465-16-H
### 389TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION

### STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**State Farm Lloyds**
**AGENT FOR SERVICE**
**CORPORATION SERVICE COMPANY**
**211 E. 7TH ST. SUITE 620**
**AUSTIN, TEXAS 78701**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Letty Lopez, 389th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 29th day of January, 2016 and a copy of same accompanies this citation. The file number and style of said suit being C-0465-16-H, **NOE BAZAN VS. STATE FARM LLOYDS**

Said Petition was filed in said court by JOSHUA P. DAVIS, 1010 LAMAR STE 200 HOUSTON TX 77002.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 5th day of February, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

_____
**RACHEL BUENO, DEPUTY CLERK**

CAUSE NO. C-0465-16-h

| | | |
|---|---|---|
| **NOE BAZAN,** | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| **STATE FARM LLOYDS** | § | |
| *Defendant.* | § | 389th JUDICIAL DISTRICT |

## DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES **STATE FARM LLOYDS**, Defendant in the above-styled and numbered cause, and file its Original Answer to Plaintiff's Original Petition, and in support thereof respectfully states as follows:

### I. GENERAL DENIAL

1. Reserving the right to file other further pleadings, exceptions and/or denials, Defendant generally denies each and every material allegation contained in Plaintiff's Original Petition and demands strict proof thereof in accordance with the laws and the Rules of Civil Procedure of the State of Texas.

### II. AFFIRMATIVE DEFENSES

2. **Policy Coverage Provisions.** Under the Insuring Agreement, Plaintiff bears the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiff lacks proof that any additional damages resulted from any accidental direct physical loss during the policy period.

3. **Payment.** State Farm is entitled to an offset or credit against Plaintiff's damages if any in the amount of all payments State Farm has made to or on behalf of Plaintiff under

the policy in connection with the damages and the insurance claim, that give rise to Plaintiff's claims in this lawsuit, including payment(s) made in connection with prior insurance claim(s) regarding the same damages.

4. **Deductible/Offset.** Defendant is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's deductible.

5. **Limit of Liability.** Defendant's liability, if any, is limited to the amount of the policy limits under the subject policy, pursuant to the "Limit of Liability" and other clauses contained in the policy sued upon.

6. **Non-Covered Losses.** Plaintiff's claims are barred, in whole or in part, to the extent certain damages and losses as alleged in Plaintiff's Original Petition, none being admitted, may have been proximately caused in whole or in part by non-covered losses and/or events, including but not limited to normal wear and tear.

7. **Failure of Policy Conditions/Conditions Precedent.** Defendant hereby asserts all conditions of the policy at issue including but not limited to all terms, deductibles, limitations on coverage, exclusions set out in the Policy, and all "duties after loss." Specifically, Plaintiff failed to satisfy the conditions of the Policy requiring Plaintiff to prepare an inventory of damaged personal property and to provide State Farm with requested records and documents. Plaintiff cannot recover, in whole or in part, on Plaintiff's breach of contract cause of action, and consequently on all of the other causes of action alleged in Plaintiff's Original Petition, because of Plaintiff's failure to satisfy all the conditions precedent contained in the policy at issue.

8. **Suits Against Us.** No action shall be brought by Plaintiff unless there has been compliance with the "Suits Against Us" policy provision.

9.  **Failure to Mitigate.** Defendant asserts that Plaintiff failed to make reasonable efforts to mitigate his damages.

10. **Bona Fide/Legitimate Dispute.** A bona fide/legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

11. **Cap on Punitive Damages.** Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Further, unless Plaintiff proves Defendant's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

12. **Chapter 38 Attorney's Fees.** Plaintiff cannot recover attorney's fees from Defendant under Chapter 38 of the Texas Civil Practice and Remedies Code. "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for…(8) an oral or written contract." Tex. Civ. Prac. & Rem. Code § 38.001(8). Defendant State Farm Lloyds is an unincorporated association of underwriters; therefore, Chapter 38 does not apply to Defendant State Farm Lloyds. *Fleming & Assocs., L.L.P. v. Barton*, 2014 Tex. App. LEXIS 2250 (Tex. App. Houston 14th Dist. Feb. 27, 2014).

### III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant **STATE FARM LLOYDS,** requests judgment of the Court that Plaintiff take nothing by this suit, and that Defendant be awarded costs and such other and further relief to which it may be justly entitled.

Respectfully submitted,

**ATLAS, HALL & RODRIGUEZ, LLP**
P. O. Drawer 3725
818 Pecan (78501)
McAllen, Texas 78502
(956) 682-5501 – Phone
(956) 686-6109 – Fax

By: /s/Charles W Downing
Sofia A. Ramon
State Bar No. 00784811
sramon@atlashall.com
Dan K. Worthington
State Bar No. 00785282
dkw@atlashall.com
Elizabeth Cantu
State Bar No. 24013455
ecantu@atlashall.com
Charles W. Downing
State Bar No. 24069631
cdowning@atlashall.com

**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of March, 2016, a true and correct copy of the foregoing document was sent via facsimile to the following:

Joshua P. Davis
**JOSH DAVIS LAW FIRM**
1010 Lamar, Suite 200
Houston, Texas 77002
(713) 337-4100 – Phone
(713) 337-4101 – Fax
**Attorney for Plaintiff**

                                                      /s/Charles W Downing
                                                   Charles W. Downing

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back

Location : All Courts   Images

# REGISTER OF ACTIONS
## CASE NO. C-0465-16-H

| Noe Bazan VS. State Farm Lloyds | § § § § § | Case Type: | Contract - Other Contract (OCA) |
|---|---|---|---|
| | | Date Filed: | 01/29/2016 |
| | | Location: | 389th District Court |

### PARTY INFORMATION

| | | | Attorneys |
|---|---|---|---|
| Defendant | State Farm Lloyds | | CHARLES W. DOWNING |
| | | | *Retained* |
| | | | 830-278-3100(W) |
| | | | |
| Plaintiff | Bazan, Noe | | Joshua P. Davis |
| | | | *Retained* |
| | | | 713-337-4100(W) |

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| 01/29/2016 | **Original Petition (OCA)** |
| | *Plaintiff's Original Petition and Request for Disclosure* |
| 02/05/2016 | Citation |
| | *1 CITATION EMAILED TO: JOSH@THEJDFIRM.COM* |
| | State Farm Lloyds    Unserved |
| 02/05/2016 | **Service Issued** |
| | *1 CITATION* |
| 03/23/2016 | **Answer** |
| | *DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER* |
| 07/29/2016 | Tickler (6:00 PM) (Judicial Officer Lopez, Letty) |

### FINANCIAL INFORMATION

| | **Defendant State Farm Lloyds** | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | 2.00 |
| | Total Payments and Credits | | | 2.00 |
| | **Balance Due as of 03/31/2016** | | | **0.00** |
| 03/24/2016 | Transaction Assessment | | | 2.00 |
| 03/24/2016 | EFile Payments from TexFile | Receipt # DC-2016-022969 | State Farm Lloyds | (2.00) |
| | | | | |
| | **Plaintiff Bazan, Noe** | | | |
| | Total Financial Assessment | | | 343.00 |
| | Total Payments and Credits | | | 343.00 |
| | **Balance Due as of 03/31/2016** | | | **0.00** |
| 01/29/2016 | Transaction Assessment | | | 343.00 |
| 01/29/2016 | EFile Payments from TexFile | Receipt # DC-2016-007500 | Bazan, Noe | (343.00) |