United States District Court
Southern District of Texas
**ENTERED**
June 21, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| NOEL BAZAN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:16-CV-152 |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before the Court is a motion to remand and for attorneys' fees filed by Noel Bazan ("Plaintiff").[1] State Farm Lloyds ("Defendant") did not file a response and the motion is now ripe. After considering the motion, record, and relevant authorities, the Court **DENIES** the motion.

### I. Background

On January 29, 2016, Plaintiff filed his original petition in state court, asserting various insurance related causes of action for water damage sustained on his residential property on August 16, 2014.[2] Defendant filed an original answer in state court on March 23, 2016.[3] Subsequently, Defendant timely removed the action to this Court on March 23, 2016, asserting diversity jurisdiction.[4] On April 29, 2016, Plaintiff filed the instant motion seeking remand. Plaintiff claims the Court lacks diversity jurisdiction because the amount in controversy does not exceed $75,000.[5]

---

[1] Dkt. No. 5 ("Motion").
[2] Dkt. No. 1, Attachment 3 at pp. 4-10 ("Petition").
[3] Dkt. No. 1, Attachment 3 at pp. 12-16 ("Answer").
[4] Dkt. No. 1 ("Notice of Removal").
[5] Motion at p. 1.

Additionally, attached to the instant motion are several documents submitted by Plaintiff: Plaintiff's original petition,[6] demand letter,[7] damage model,[8] and stipulation stating Plaintiff will not seek, plead, or recover more than $75,000 against Defendant.[9] This stipulation does not appear to have been filed in the original state court on January 29, 2016, and is only signed by Plaintiff. The Court now considers the relief requested.[10]

## II. Legal Standard

The removing party bears the burden of establishing whether federal jurisdiction exists,[11] and the Court must resolve all doubts regarding whether removal jurisdiction is proper in favor of remand.[12]  The Court does not have subject matter jurisdiction under 28 U.S.C. § 1332 unless the parties are completely diverse and the amount in controversy exceeds $75,000.[13]  Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[14]  However, when the state practice does not permit a demand for a specific sum, removal is proper if the removing party proves by preponderance of the evidence the amount in controversy exceeds $75,000.[15] Defendant can satisfy this burden by (1) showing it is "apparent from the claims of the petition that the claims are likely to exceed $75,000" or (2) setting forth

---

[6] Motion, Exh. A.

[7] *Id.*, Exh. B.

[8] *Id.*, Exh. C.

[9] *Id.*, Exh. D.

[10] As an initial matter, the Court notes that Plaintiff has failed to comply with the Federal Rules of Civil Procedure. Rule 7(b)(2) provides that "[t]he rules governing captions and other matters of form in pleadings apply to motions and other papers." FED. R. CIV. P. 7(b)(2) Rule 10(b) in turn states that "[a] party must state its claims or defenses *in numbered paragraphs*, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b)(emphasis added) Plaintiff's motion to remand lacks numbered paragraphs entirely, which hinders the Court's reference to her arguments. Plaintiff is cautioned that future submissions should consistently number each paragraph to properly comply with the Federal Rules.

[11] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted).

[12] *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir. 2000).

[13] 28 U.S.C. § 1332(a).

[14] *Id.*; § 1446(c)(2).

[15] *Id.*; *see also De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir. 1993).

"summary judgment-type evidence of facts in controversy that support a finding of the requisite amount."[16]

"[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction."[17]  Once a defendant has established by a preponderance of the evidence the amount in controversy exceeds the jurisdictional amount, removal is proper, unless plaintiff shows with legal certainty that the claim is for less than the jurisdictional amount asserted in the original petition.[18]  The United States Court of Appeals for the Fifth Circuit has held that plaintiffs may make this showing by citing to a statute limiting recovery or by filing "a binding stipulation or affidavit *with their complaints*."[19]  Indeed, it is well-established law that post-removal stipulations are irrelevant at this stage of the Court's analysis.[20]

### III. Discussion

Plaintiff claims that diversity jurisdiction is improper in this case because the amount in controversy has not been satisfied. In his petition, Plaintiff declares his "damages are less than $75,000.00."[21] Based on this language, the demand letter, and damage model, Plaintiff contends that diversity jurisdiction is improper because it is "unequivocally demonstrate[d]" that the

---

[16] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (internal quotation marks and citations omitted).
[17] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).
[18] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).
[19] *Id.* (emphasis added) (internal quotation marks and citation omitted).
[20] *Id.*
[21] Petition at ¶ 4.

amount in controversy does not exceed $75,000.[22]  Specifically, Plaintiff argues that the "top-end value for this case is $26,603.31."[23]

First, as previously noted, a plaintiff's pleading for a specific sum made in good faith must be deemed the amount in controversy. However, this request does not control when made in bad faith or when state practice does not permit demand for a specific sum.[24] In Texas, the law does not permit a plaintiff to plead for a specific amount. Rather, Rule 47 requires a pleading to contain a statement that the damages sought are within the jurisdictional limits of the court, and a statement that the party seeks a pre-defined range of damages.[25] Here, Plaintiff does not include the range required by Rule 47(c)(1)-(5). Thus, a specific demand such as Plaintiff's cannot be deemed the amount in controversy because "[s]uch manipulation is surely characterized as bad faith."[26] These considerations inform the Court that instead of pleading a legitimate estimation of damages in this case, "[a]s a functional matter, [Plaintiff is] attempting to avoid federal jurisdiction."[27] Thus, Plaintiff's specific sum does not control the Court's analysis.

In support of its position that the amount in controversy exceeds $75,000 in the instant case, Defendant points out to the Court Plaintiff's original petition requests exemplary damages in addition to other requested damages.[28] However, as Defendant notes, "Plaintiff wholly fails to plead and segregate the respective monetary amounts sought for actual damages, additional damages, attorney's fees, and punitive or exemplary damages."[29] Moreover, Defendant notes

---

[22] Motion at p. 1.
[23] *Id.*
[24] 28 U.S.C. § 1446(c)(2).
[25] Tex.R. Civ. P. 47(b)-(c).
[26] *Garcia v. Kellogg USA, Inc.,* No. 7:13–CV–00347, 2013 WL 4735169, at *1 (S.D.Tex. Sept.3, 2013) (citing *De Aguilar,* 47 F.3d at 1410); *see also Ford v. United Parcel Serv., Inc. (Ohio),* No. 3:14–CV–1872–D, 2014 WL 4105965, at *2 (N.D.Tex. Aug.21, 2014) (holding that plaintiff who pleaded an award not to exceed $74,000 "purposefully contravened the Texas rules governing pleading requirements so as to avoid federal jurisdiction.").
[27] *De Aguilar,* 47 F.3d at 1410.
[28] Notice of Removal at ¶ 6.3.
[29] *Id.*

Plaintiff's pre-suit demand letter and damage model demanded "$25,781.25 for property and other damage amounts, including mental anguish and attorneys fees; however, Plaintiff's demand did *not* include several of the elements of additional damages now being sought in the State Court Action."[30] The Court notes the damage letter actually requested $26,603.01,[31] but even then, the Court finds the amount in controversy exceeds $75,000 when the figure demanded is coupled with exemplary damages.

Plaintiff's pre-suit demand letter outlines some of the damages Plaintiff claims to have suffered. In his demand letter, Plaintiff requested $26,603.01 to resolve his claims against Defendant. Additionally, Plaintiff attached a damage model with the demand letter explaining how this amount was calculated. The damage model listed various amounts for different claims including: an amount for Plaintiff's total policy claims, an 18% penalty, mental anguish, attorney's fees, taxable court costs, and pre-judgment interest.[32] However, nowhere in the damage model is any calculation attributed to Plaintiff's claim for punitive damages. Plaintiff's original petition specifically seeks punitive damages for alleged "intentional and . . . knowing disregard for Plaintiff's rights . . . ."[33]

Under Texas law, punitive damages are included within the definition of exemplary damages.[34] Additionally, in Texas, an exemplary damages award can result in an increase of up to at least $200,000 for a plaintiff.[35] Furthermore, the Fifth Circuit has held that punitive damages are "to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law. . . ."[36] Therefore, the Court believes the judicial

---

[30] *Id.* at ¶ 6.4; *see also* Notice of Removal, Attachment 1.
[31] Notice of Removal, Attachment 1.
[32] *See id.* at p. 5.
[33] Petition at ¶ 18.
[34] Tex. Civ. Prac. & Rem. Code § 41.001(5).
[35] *See* Tex. Civ. Prac. & Rem. Code § 41.008(b).
[36] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.1998).

threshold requirement of $75,000 could easily be met if Plaintiff's claim for punitive damages is successful.

As a last effort to avoid the federal forum, Plaintiff offers a stipulation to the Court stating he "shall not seek, plead, or recover, by judgment or otherwise, damages against [Defendant]" exceeding $75,000.[37] The Court remains unpersuaded. As noted earlier, post-removal filings may be considered in determining the amount in controversy at the time of removal only if the basis for jurisdiction is ambiguous at the time of removal. It is quite clear to the Court that the basis for jurisdiction was unambiguous at the time of removal. Therefore, the Court finds Defendant has met its burden in demonstrating by a preponderance of the evidence that the amount in controversy in the instant case met the jurisdictional threshold at the time of removal. Accordingly, the Court has jurisdiction to hear this lawsuit.

### IV. Attorneys' Fees

Lastly, the United States Supreme Court has held "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."[38] Since Defendant has shown that removal in this case was proper, Plaintiff's claims for attorneys' fees must fail.

---

[37] Motion, Exh. D.
[38] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

## V.  Holding

For the foregoing reasons, the Court finds the amount in controversy exceeds $75,000. Because the parties are completely diverse, removal jurisdiction is proper.  Therefore, the Court **DENIES** Plaintiffs' motion to remand.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 21st day of June, 2016.

_____
Micaela Alvarez
United States District Judge